UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DOMINIC WOODFORD,

        Plaintiff,

v.

MONROE COUNTY JAIL, *et al.*,

        Defendants.
_____/

Case No. 2:24-cv-10313
Hon. Brandy R. McMillion
Mag. Judge David R. Grand

## OPINION AND ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 24), OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 25) AND GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 13)

*Pro se* Plaintiff Darryl Dominic Woodford ("Woodford") filed this prisoner civil rights action against Defendants Monroe County Jail, Sergeant Davis, Deputy McGary, and Deputy Hamlin (collectively, "Defendants") alleging violations of his Eighth Amendment rights. *See generally* ECF No. 1. Woodford claims the jail and its staff have, by their negligence, subjected him to personal injury constituting cruel and unusual punishment, unlawful prison conditions, and provided him inadequate medical care. *Id*.

This matter was originally assigned to the Honorable Thomas L. Ludington but was reassigned to the undersigned on April 2, 2024. Shortly after, this Court

1

referred all pretrial matters to Magistrate Judge David R. Grand. ECF No. 6. On June 17, 2024, Defendants filed a Motion to Dismiss. ECF No. 13. On January 24, 2025, Magistrate Judge Grand issued a Report and Recommendation ("R&R") recommending that the undersign grant Defendants' Motion to Dismiss. *See generally* ECF No. 24. Woodford timely filed objections, *see* ECF No. 25, and the Defendants responded, *see* ECF No. 26.

Having reviewed the objections and conducting a *de novo* review of the record and briefs, the Court concludes Woodford has failed to state a claim against Defendants. Reaching that conclusion, the Court overrules Plaintiff's objections and dismisses this case. Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 24), **OVERRULE** Plaintiff's Objections (ECF No. 25), and **GRANT** Defendants' Motion to Dismiss (ECF No. 13).

I.

Woodford filed this action alleging violations of his constitutional rights based on his conditions of confinement and inadequate medical treatment. *See generally* ECF No. 1. Defendants moved to dismiss arguing (1) they are entitled to qualified immunity and (2) Woodford improperly pleaded official capacity claims against Monroe County. *See generally* ECF No. 13. Magistrate Judge

2

Grand recommended the Motion be granted because the individual defendants are entitled to qualified immunity, Woodford failed to allege a claim for deliberate indifference against the Defendants, and the Monroe County Jail is not a legal entity amenable to suit under § 1983. ECF No. 24, PageID.457-458, 460, 462, 465-467.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed

3

recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3, (W.D. Mich. Mar. 28, 2013) (citations omitted).

When a party objects to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's R&R. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Woodford submitted five objections to Magistrate Judge Grand's R&R. *See* ECF 25. The Court will address each of his objections in turn.

**Objection Nos. 1, 4, 5**:

First, Woodford objects to Magistrate Judge Grand's footnoted recitation – "the Plaintiff was housed at the MCJ for only fifteen months" because Woodford claims that he was subjected to sleeping on the floor for a period of "almost 2 years." *See* ECF No. 25, PageID.475. The Court finds this to be a distinction

without a difference. The difference in those two statements does not change the analysis of the issue. Instead, the objection amounts to nothing more than a vague assertion that fails to identify a specific error within the recommendation – especially because public record supports that Woodford was housed at MCJ from March 4, 2022 to May 15, 2023 (15 months). *See* ECF No. 13-2, PageID.101. Vague, general, or conclusory objections do not meet the requirement of specific objections and are tantamount to a complete failure to object. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, the Court finds that whether "only fifteen months" or "almost two years," Woodford has not sufficiently pleaded a deliberate indifference claim. Woodford alleges that he "sufficiently stated" an injury from sleeping on the concrete floor, which caused him physical and mental injuries. ECF No. 25, PageID.475 (Objection No. 1), PageID.476-477 (Objection No. 4). To establish a claim for deliberate indifference to serious medical needs, a pretrial detainee must show that the defendant *objectively* acted or failed to act deliberately and recklessly—with "more than negligence but less than subjective intent – something akin to reckless disregard." *Brawner v. Scott Cty., Tenn.*, 14 F. 4th 585, 596 (6th Cir. 2021). And the defendant must have done so "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. at 596 (internal quotations omitted).

5

Woodford's Complaint contains allegations against Deputy Hamlin regarding an alleged injection on his face from sleeping on the floor. ECF No. 1, PageID.7. He alleges that he informed the Defendants when he noticed the "possible" infection on his face and was denied immediate medical treatment; specifically that Deputy Hamlin was distracted and did not immediately address his concerns. *See* ECF No. 20, PageID.365; ECF No. 25, PageID.477 (Objection No. 5). However, as Woodford concedes, when the need arose for medical attention, the request was acknowledged, and he was sent to the hospital. ECF No. 13-4, PageID.192. While it might not have been provided immediately when he requested, *see* ECF No. 20, PageID.365, it was nonetheless provided, *see* ECF No. 13-4, PageID.193. Hence, the allegations within the Complaint are not enough to show Woodford's serious injury was deliberately disregarded "in the face of an unjustifiably high risk of harm." *See Brawner*, 14 F. 4th at 596. Thus, Objection Nos. 1, 4 and 5 are overruled.

**Objection No. 2:**

Woodford objects to Magistrate Judge Grand's finding that Plaintiff's claim on unusual strip searches does not identify any of the name defendants; and is therefore, insufficient to state a claim for relief. ECF No. 25, PageID.475 (citing to ECF No. 24, PageID.454, n.4). Woodford argues that because "the municipal[ity] itself is one of the Defendant's and the unconstitutional actions

conducted in the jail, against [] jail's policy, is indeed the jail's violation." ECF No. 25, PageID.475. Not so. Section 1983 does not permit a plaintiff to hold a municipality vicariously liable for its employee's actions, *see, e.g.*, *Farris v. Oakland Cnty., Mich.*, 96 F.4th 956, 968 (6th Cir. 2024), nor solely because it employs them, *see D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014). "Instead, a plaintiff must show that 'through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.'" *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 581 (6th Cir. 2020) (quotation omitted). That was not done here. So, the objection is overruled.

**Objection No. 3:**

Woodford objected to Magistrate Judge Grand's findings that he failed to state a claim against Sergeant Davis and Deputy McGary because he did not view the entire 45 minutes of video footage and "the Defendants only submitted the camera angles of their choosing." ECF No. 25, PageID.476. The Court disagrees.

Changing the camera angle, if at all possible, will not change the circumstances within the video. The Defendants allege that "Woodford is nowhere near [the attacker] during the entirety of the video footage, as he is the inmate seen on the video who 'spent almost the entirety of the video hiding near a doorway on a different floor[.]'" ECF No. 24, PageID.460 (citing ECF No. 13, PageID.76). After review of the video footage, the Court observed the same. This

7

was also not disputed by Woodford in the briefing nor here in his objections. Furthermore, the objection does not "specifically address how the Magistrate Judge's factual and legal recommendations were incorrect." *See Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001). Thus, Woodford's third objection is overruled.

**Objection No. 5:**

Woodford also objects on grounds that Magistrate Judge Grand "treats the *pro se* Plaintiff's motion as if it was drafted by a professional attorney," as a general objection. *See* ECF No. 25, PageID.477. The Court agrees that a *pro se* plaintiff is entitled to a liberal reading of their pleadings. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). However, even in liberally construing complaints, courts are not required to conjure up facts to state a claim for relief. *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004)). Therefore, this objection is also overruled.

### IV.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Grand's Report and Recommendation (ECF No. 24). Plaintiff's Objections (ECF No. 25) are **OVERRULED**. The Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED**.

**IT IS HEREBY ORDERED** that all claims as to the Defendants are **DISMISSED WITH PREJUDICE**

**THIS IS A FINAL ORDER THAT CLOSES THE CASE**.

**IT IS SO ORDERED.**

Dated: March 13, 2025             s/Brandy R. McMillion
    Detroit, Michigan          BRANDY R. MCMILLION
                                              United States District Judge